Isaac Phillips *vs.* Horace G. Sherman and others.

*Pleading. Complaint for flowage. Tax-deed—recitals must be proved. Tender under R. S., c. 6, § 174.*

All the co-tenants must be joined in a complaint for flowage and their non-joinder may be taken advantage of under the general issue, with a brief statement denying the ownership.

The recitals in a tax deed that the officer executing it complied with the requirements of the statute in advertising and selling the land, must be proved by extrinsic evidence. Five years' possession by the complainant raises no presumption of law that the statute has been complied with.

The claimant under a tax deed cannot invoke the provisions of R. S., c. 6, § 174, relating to payment or tender of the amount of the taxes, charges, and interest by the defendant before he can contest the validity of such deed, where the land in controversy was sold in gross with other land for one consideration.

On report.

Complaint for flowage of part of lot No. 13, Range 5, in Monson. Plea, general issue with a brief statement denying the ownership of the complainant as alleged in the complaint, and claiming a prescriptive right of flowage in the respondents.

The evidence first introduced in the case, by both parties, showed that the plaintiff was owner of an undivided two-thirds part of lot No. 13. The complainant claimed that the respondents' objection to the non-joinder of his co-tenants, could be taken advantage of only by plea in abatement, if available at all. The complainant then put in a deed from Abner Brown, collector of taxes, to Aretas Chapin, acknowledged Aug. 9, 1839, bearing no date, but admitted to have been duly executed before acknowledgment, and it was also admitted that all title acquired by Chapin by virtue of this deed had passed to the complainant through mesne conveyances, before the time named in the complaint as the commencement of the flowage.

This deed purported to convey twenty lots, and among them lot No. 13, for non-payment of the taxes assessed thereon, without specifying the amount for which each lot was assessed, and contained the usual formal recitals of a tax-deed.

The case was taken from the jury and reported to the full court, who were to determine whether the non-joinder could be taken advantage of under the pleadings filed, and, if it could be, whether by the deeds in the case the complainant had such an interest in the premises as would entitle him to maintain this action ; if so, the case was to stand for trial ; otherwise, a nonsuit to be entered.

*Lebroke & Pratt,* and *Henry Hudson,* for the complainant.

The fact that the collector's deed purported to convey several tracts of land, belonging to different owners and sold for their respective taxes is no objection. *Pejepscot Proprietors* v. *Ransom,* 14 Mass. 147. If the requirements of the law are complied with it is unnecessary to state the facts in the deed. The presumption is that this deed, almost thirty years old, is properly given and that all legal preliminary formalities were observed. *Freeman* v. *Thayer,* 33 Maine, 76.

At all events, defendants should have tendered the taxes, charges, and interest ; not having done so, they cannot contest the legality of the deed. R. S., c. 6, §§ 164 and 174.

The complainant has been in sole possession, claiming title, during the period for which damages are claimed. This is sufficient against those claiming no title.

The objection can only be taken in abatement. *Fosdick* v. *Gooding*, 1 Maine, 30. To hold the right of prescription the defendants should show that they have flowed, causing damage, for the requisite period. *Hathorne* v. *Stinson*, 12 Maine, 183; *Nelson* v. *Butterfield*, 21 Maine, 220; *Wentworth* v. *Sanford Manf. Co.*, 33 Maine, 547; *Underwood* v. *No. Wayne Co.*, 41 Maine, 291; *Prescott* v. *Curtis*, 42 Maine, 65.

*C. A. Everett* and *A. M. Robinson*, for defendants, cited, as to the non-joinder of all the land-owners, *Tucker* v. *Campbell*, 36 Maine, 346; *Davis* v. *Stevens*, 57 Maine, 594; *Webster* v. *Holland*, 58 Maine, 168; *Hill* v. *Baker*, 28 Maine, 9; *Moor* v. *Shaw*, 47 Maine, 88.

As to plaintiff's possessory claim. *Worthing* v. *Webster*, 45 Maine, 270.

That the mere recitals of the tax-deed prove nothing unless supported by evidence *aliunde*. Blackwell on Tax Titles (Balch's ed.), 72 and cases there cited. That the deed was invalid. *Larrabee* v. *Hodgkins*, 58 Maine, 412; *Green* v. *Lunt*, Ibid, 518.

DICKERSON, J. Complaint for flowage submitted on report. Plea, the general issue with a brief statement denying ownership in the complainant and alleging a right to flow by prescription.

It is well settled that in a complaint for flowage all the co-tenants must join, and that their non-joinder may be taken advantage of without a plea in abatement. *Tucker* v. *Campbell*, 36 Maine, 346; *Davis* v. *Stevens*, 57 Maine, 594; *Moor* v. *Shaw*, 47 Maine, 90.

Whether the complainant is the sole owner of the land described in the complaint, depends upon the validity of a tax-deed given by Abner Brown, collector of taxes for the town of Monson, to Aretas Chapin, bearing no date, but acknowledged Aug. 9, 1839,

the title, if any, thus acquired by Chapin having passed to the complainants.

In order to pass the title to the land sold by a collector of taxes, it must be proved that he complied with the requirements of law in advertising and selling it. The recitals in his deed are not sufficient for this purpose, but this must be shown by proof *aliunde* of the deed. Blackwell on Tax Titles, 72.

This was not done in the case at bar, nor has the complainant had such long and continuous possession of the premises, as raises the presumption that the requirements of law were complied with, his possession commencing in 1867, and there being no evidence that his grantors ever had possession. *Worthing* v. *Webster*, 45 Maine, 270.

The complainant is not in a situation to invoke the provisions of R. S., c. 6, §§ 164, 174, requiring the defendants to pay or tender payment of the amount of the taxes, charges, and interest before he can contest the validity of the tax sale, as the land in question was sold for a gross sum with other lands, and the defendant has no means of ascertaining the amount to be paid or tendered by him.

Our conclusion is, that the complainant cannot maintain his complaint because of the non-joinder of one of his co-tenants.

*Complainant nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and PETERS, JJ., concurred.