## No. 1073.

### THOMAS P. MILLER vs. ODILE MONTAGNE AND HUSBAND.

The rule that, when a party seeks to annul a tax-sale, he must, as a condition precedent, tender to the purchaser the amount paid by him to the tax collector, does not apply when the precise amount to be reimbursed, is not shown and forms part of a larger amount of taxes due confusedly on the property sold and other property of the former owner.

APPEAL from Twenty-Fifth Judicial District Court, parish of Vermillion. *Mouton, J.*

F. R. King for Plaintiff and Appellant.

First—A real tender is unnecessary when the offer to pay is peremptorily refused.

Second—A want of tender set up *in limine litis* against a suit for the nullity of a tax sale should not be maintained, if the amount is not apparent or made to appear.

Third—Where there have been no notice and gross irregularity in a tax

sale, the owner can be compelled to refund to the purchaser only so much of the price as was really due and paid for taxes on the property purchased, and such taxes clearly shown to have been paid on the property subsequent to the sale. The *onus* is upon the purchaser to show such payments.

W. W. Edwards for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. This is an action to annul a tax-sale of sixteen hundred and thirty-five acres of land.

Defendant filed two exceptions to the action, viz :

1st. That the taxes, penalties and costs of said forced sale amounted to seven hundred dollars, and the taxes accruing on said lands since said sale amounted to the further sum of four hundred dollars, all of which sums have been paid by defendant and enured to the benefit of the owner of said land ; and that said plaintiff has made no offer or tender of the amount so paid by defendant, which tender or offer is a condition precedent to the institution of this suit.

2d. Plaintiff has filed no authenticated copy of patent or title papers, and defendant cannot further answer without oyer of said patents, which she craves and prays to be dispensed from further answering until said patents are filed in court.

Upon these exceptions the case went to trial and voluminous evidence, *pro* and *con*, was heard, as to the amount and mode of payments, of the taxes, penalties and costs alleged to have been paid by defendant, and tender of which by plaintiff is claimed to be a necessary condition precedent to his suit. The lower court rendered an unqualified judgment, as follows : " It is, therefore, ordered, adjudged and decreed that there be judgment maintaining the exceptions of defendants and that plaintiff's suit be dismissed."

The effect of this unqualified judgment upon the first exception, thus rendered on " the law and the evidence," is to establish judicially the allegations thereof, and, in effect, to decree that defendant has paid the sum of eleven hundred dollars in taxes, penalties and costs on the land involved, which enured to the benefit of the owner, and that the offer or tender, by plaintiff of the amount so paid by defendant, is a condition precedent to the institution of a suit to annul the sale.

Now the evidence conclusively establishes, and defendant does not pretend to deny, that the amounts alleged in the exception to have been paid, so far as shown to have been paid at all, were paid as the gross amount due on large quantities of land of which the lands owned and here claimed by plaintiff formed but a small proportion ; and that

the utmost that could be claimed to be tendered by plaintiff before bringing his action, would be the proportion of these sums which properly belonged to his land. It is, therefore, clear the judgment, as rendered, is incorrect and must be reversed.

Proceeding to consider what judgment should have been rendered, we admit the general principle that a party seeking to annul a tax-title *prima facie* valid, must first tender to the purchaser reimbursement of the sums paid by him in discharge of his bid and which enured to the benefit of the attacking party, and this principle would, perhaps, extend to proper taxes on the property paid by the purchaser while in possession. .

Blanton vs. Ludeling, 30 A. 1232.

Barrow vs. Lapene, id. 310.

In the last-mentioned case it is further said : " And if this want of tender is pleaded *in limine*, and the amount is apparent or made to appear, plaintiff should not be allowed to sue until it is tendered. But before such an exception can be sustained, it must surely be made to appear to the Court that there is reimbursement due."

In the case at bar, so far as the amount of the bid is concerned, the evidence leaves it doubtful whether any reimbursement is due by plaintiff, because although sold confusedly with a mass of other lands as the property of one Wm. B. Hamilton, it does not appear that it was included in the assessment of the lands of Wm. B. Hamilton. Further, if any reimbursement be due, the amount thereof is only a proportion of the amount paid, which could not be ascertained without calculation from *data* not altogether certain, which plaintiff could not be required to make.

As to the taxes subsequently paid by defendant, they likewise are assessed and paid on 8000 acres in gross, claimed to include the 1635 acres here involved. The proportion due on the latter, is here again the subject of calculation upon yet more uncertain *data*.

The defendant has not himself fixed in the evidence, or even in argument, the precise amount which he claims to be due on these accounts. If the plaintiff were to make a calculation and make a tender, *non constat* that defendant would not dispute the correctness of his calculation, and a tender of less than the amount due would be equivalent to no tender at all. The only amount ever fixed by defendant as due is that claimed in his exception, which is patently erroneous and excessive.

Furthermore, we think the offer of King to pay what had been paid by defendant on account of taxes, and the unqualified refusal of defendant, through her agent and husband, to accept anything less than a price of seventy-five cents per acre for the land, rendered any further tender vain and useless and dispensed with the necessity thereof.

The first exception must therefore be overruled, leaving the defendant to set up her claims for reimbursement by way of reconvention.

As to the second exception, the maintenance thereof goes, not to the dismissal of the action, but merely to require production of the titles of which oyer is craved, and to dispense the defendant from answer until the production thereof.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided and reversed ; and it is now ordered that the first exception of defendant (to the want of tender) be overruled, without prejudice to defendant's right to demand reimbursement, in case of eviction, of such sums as he may have lawfully paid on account of price of adjudication or taxes on the property inuring to the benefit of plaintiff ; and that the second exception be sustained so far as to require the plaintiff to produce his titles of which oyer is craved and to dispense the defendant from answering until the production thereof ; and that this cause be remanded to be proceeded with according to law, defendant and appellee paying costs of this appeal and of the exception in the lower court.