## LAWLER *v.* BRETT and others.

*(Circuit Court, S. D. Iowa, C. D.   October 31, 1883.)*

1. TAX SALE—ACTION TO SET ASIDE—PAYMENT OF TAXES—SECTION 897, IOWA CODE 1873.

   In an action to set aside a tax sale, when a complainant fails to show that the taxes due on the property have been paid by him or his grantees, as required by section 897, Iowa Code 1873, he cannot recover.

2. SAME—TENDER EQUIVALENT TO PAYMENT.

   A tender of the amount of a tax is equivalent to payment.

3. SAME—THE LAW DOES NOT REQUIRE AN IMPOSSIBLE THING.

   Where the law requires that taxes shall be paid by a party before he can maintain an action to set aside a tax sale, but it is impossible for him to ascertain the amount of the taxes, he need not make payment or tender before bringing his action, as the law will not require an impossible thing.

4. SAME—CONDITION PRECEDENT—PERFORMANCE.

   Where both a statute and the rule of law require the payment of taxes due as a condition precedent to an attack upon a tax title, and the record discloses that the amount due can be readily ascertained, an action to set aside a tax sale cannot be maintained without performance of the condition.

Bill in Equity to set aside certain tax sales and deeds, upon the ground that the sales were not made in accordance with law, and for the further reason that no sufficient expiration notices were given, as required by the statute.

*Geo. E. Clarke*, for complainant.

*Wright, Cummins & Wright*, for respondents.

McCRARY, J.   Section 897 of the Code of Iowa, (1873,) among other things, provides that, in all controversies and suits involving the title to real property claimed and held under a tax deed executed substantially as the statute requires, no person shall be permitted to question the title acquired by a treasurer's deed without first showing that "all taxes due upon the property have been paid by such person or the person under whom he claims title." The complainant has failed to make the showing required by this provision of the statute. It is not averred that he or the party under whom he claims has ever paid the taxes for which the property was confessedly liable, or any part of it. We are therefore required to determine whether he has placed himself in a position to question the respondents' title. Is he not seeking equity without doing equity? The complainant has attempted to relieve himself from the necessity of paying or tendering the amount of the delinquent taxes by certain averments of his bill. He avers that the tax deeds in question were void, and adds that "the plaintiff is entitled to redeem therefrom, but is unable to determine what sum is necessary therefor." And he prays "that the court ascertain and determine what amount, if anything, is due defendants for and on account of taxes paid on said real estate and necessary for the plaintiffs to pay in order to redeem therefrom, and plaintiffs hereby offers and tenders the same and consents that said sum, when ascertained, may be decreed a lien on said real estate respectively until so paid." Although the statute requires payment of the taxes a condition precedent to an attack upon the purchaser's title, I am of the opinion that a tender of the sum due is equivalent to payment. And I think it may also be admitted that, if for any reason the amount cannot be ascertained by the complainant, he may ask the court to ascertain and determine it, averring his readiness to pay when the amount is so ascertained. But in the present case no reason appears, either in the pleading or the proof, why the amount cannot be ascertained by the complainant and paid or tendered. It is sufficient to aver that complainant is unable to ascertain the amount due, without stating any facts showing such inability, and without offering any proof upon the subject.

It has been held, under statutes similar to the one under consideration, that it is a sufficient excuse for not paying or tendering the delinquent tax due to show that the land in controversy was sold in gross, with other land, for one consideration. *Phillips* v. *Sherman*, 61 Me. 548; *Miller* v. *Montague*, 32 La. Ann. 1290; *Weber* v. *Harris*, Id. 1309. In such case the complainant has no means of ascertaining,

the amount to be paid or tendered by him, and the law will not require an impossible thing. But where nothing appears to show that the complainant could not ascertain the sum due, and, *a fortiori*, where the record shows that he might readily have ascertained it, I am of the opinion that he cannot recover; and such is the case here. The amount of the taxes delinquent upon the property here in controversy appears upon the tax records, and is shown in the evidence. The amount of the interest and penalty is easily ascertained by a simple calculation. The two tracts were sold separately, for the tax due upon each respectively, and there was no confusion or commingling of the taxes upon this property with that upon other parcels. The dates upon which to calculate the amount due is furnished by the record and the statute, and is definite and certain. The court is therefore obliged to find not only that there is no proof to support the allegation that complainant could not determine the sum to be tendered in redemption, but also that the proof abundantly shows the contrary.

It has been repeatedly held by the supreme court of the United States that a court of equity will not entertain a bill to enjoin a tax sale until the complainant has first paid or tendered any sum justly due on account of the taxes in controversy. *State Railroad Tax Cases*, 92 U. S. 617; *Nat. Bank* v. *Kimball*, 103 U. S. 732. In the former case the court, speaking through Mr. Justice MILLER, said:

"It is not sufficient to say in the bill that they (complainants) are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted."

It can scarcely be maintained that a less stringent rule should prevail in cases like the present, brought under a statute requiring payment of taxes due as a condition precedent to an attack upon the tax title.

It is clear, therefore, that the complainant cannot recover in the present case, whatever his rights might have been if he had complied with the statute, and it is therefore not necessary to consider the other questions discussed by counsel.

As, however, the complainants may still be in time to make a tender and bring a new suit, he will be allowed to dismiss his bill without prejudice, and at his own costs.